GEORGE H. HAYES et al., Executors, *vs.* LEO D. LAMOND.

Washington County. Decided September 16, 1912. The plaintiffs were executors of the estate of William O. Grady comprising assets of the value of $98,190. It is provided by the statute that the executors may be allowed "a commission not exceeding five per cent on the amount of personal assets that come into their hands, and in cases where legal counsel is necessary, a reasonable sum for professional aid."

The plaintiffs employed the defendant who is an attorney at law, to render them professional and other assistance in the settlement of the estate. It appears from the uncontradicted testimony that outside of two trips to Boston and New York, made by the plaintiffs with the defendant, the expenses of which were paid out of the estate, the only actual service rendered by the plaintiffs personally was to sign checks, and that the defendant, in addition to legal services "kept the books and did everything else pertaining to the settlement of the estate." For all of these services, legal and clerical, the plaintiffs paid the defendant the sum of $5000.

But upon presentation to the probate court of the second account of the executors, objection to the allowance thereof was made by the heirs and legatees interested in the estate, and thereupon a written agreement was entered into by the parties interested to submit the account to a referee who should "determine what should constitute proper charges and the amount thereof in said account."

It was determined by the referee after notice and hearing that a commission of four per cent of the amount of the personal assets in the aggregate would be allowed to the executors for their services, and the further sum of $2830.70 for services and expenses

of the defendant employed by them to render professional aid in the settlement of the estate. It appears that the Judge of Probate refused to allow to the plaintiffs the sum of $5000 for professional aid in the settlement of the estate and the plaintiffs bring this action against the defendant to recover the difference between the $5000 actually paid by them for all the services rendered by him and the sum of $2830.70 allowed to the plaintiffs by the referee for professional aid.

The plaintiffs appear to have paid the defendant this sum of $5000 voluntarily and without mistake of law or fact. This sum covered not only the reasonable compensation which they were authorized to pay for legal assistance but also included compensation for all other services rendered by the defendant in the settlement of the estate and in keeping the accounts which the plaintiffs were themselves competent to perform without legal assistance. It is in evidence and uncontradicted that one or both of the plaintiffs expressed the opinion at the time that the defendant's claim was not exorbitant, and it was paid by them after they had been informed that the Judge of Probate had stated in substance that he should not feel warranted in allowing such a sum for legal services. It is accordingly the opinion of the court that the certificate must be, judgment for the defendant. *J. H. McFaul*, for plaintiffs. *St. Clair & J. H. Gray*, for defendant.